UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUREECE STONE CLARK,<br><br>Plaintiff,<br><br>v.<br><br>MARK H. GOLDSTEIN, et al.,<br><br>Defendants. | Case No. 22-cv-02962-JSC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, an inmate in the Marin County Jail who is proceeding without representation by an attorney, filed this civil rights complaint under 42 U.S.C. § 1983 against Marin County officials. Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is DISMISSED with leave to amend.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by litigants unrepresented by an attorney must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon

1    which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although to
2    state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to
3    provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a
4    formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must
5    be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,
6    127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to
7    state a claim for relief that is plausible on its face." *Id.* at 1974.

   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a
right secured by the Constitution or laws of the United States was violated, and (2) that the alleged
violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S.
42, 48 (1988).

## LEGAL CLAIMS

   In his first claim, Plaintiff alleges that Defendants Mark Goldstein and James Kim of the Marin County Sherriff's Department, and Shelly Scott in the Marin County Recorder's Office, conspired in the murder of his son.  Parents and children possess a constitutionally protected liberty interest in companionship and society with each other.  *Smith v. City of Fontana*, 818 F.2d 1411, 1418 (9th Cir. 1987)*, overruled on other grounds by Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999) (en banc).  This liberty interest is rooted in the Fourteenth Amendment, which states in relevant part that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  The protected liberty interest is independently held by both parent and child.  *City of Fontana*, 818 F.2d at 1418.  A parent's right includes a custodial interest (but only while the child is a minor), and a companionship interest (even after a child reaches the age of majority).  *Id.* at 1419; *see, e.g.*, *Strandberg v. City of Helena*, 791 F.2d 744, 748 n.1 (9th Cir. 1986) (recognizing that parents of deceased 22-year-old son could not allege constitutional right to parent a minor child, but could claim violation of right to companionship and society).  State interference with these liberty interests may give rise to a Fourteenth Amendment due process claim that is cognizable under 42 U.S.C. § 1983.  *Kelson v. City of Springfield*, 767 F.2d 651, 654 (9th Cir. 1985).

1    The problem with this claim is that Plaintiff does not describe how each of these
2    Defendants were involved in his son's death.  A person deprives another of a constitutional right
3    within the meaning of Section 1983 if he does an affirmative act, participates in another's
4    affirmative act, or omits to perform an act which he is legally required to do, that causes the
5    deprivation of which the plaintiff complains.  *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).
6    At the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an
7    individual was personally involved in the deprivation of his civil rights."  *Barren v. Harrington*,
8    152 F.3d 1193, 1194 (9th Cir. 1998).  Plaintiff has not alleged what Defendants Goldstein, Kim,
9    and Scott did or failed to do that caused his son to die, nor has he alleged how his son died.  As a
10   result, he has not alleged a valid claim against them.  If he wants to proceed with a claim against
11   these Defendants, he must file an amended complaint in which he alleges specific facts showing
12   what each of these Defendants did or failed to do, and how those actions or omissions caused his
13   son to die.

14   In his second claim, Plaintiff alleges that Defendant Robert Doyle caused him to be falsely
15   arrested and imprisoned; he seeks to "eliminate false arrest and false imprisonment."  (ECF No. 1
16   at 2-3.)  If he is seeking release from custody or to vacate his conviction or sentence, he must do
17   so in a petition for a writ of habeas corpus, not a civil rights suit.  *See Skinner v. Switzer*, 562 U.S.
18   521, 533-34 (2011) (habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or
19   speedier release'" from confinement) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)).  If he
20   is seeking money damages for false arrest and/or false imprisonment, he must first show that his
21   conviction and sentence have been vacated, overturned on appeal, or otherwise invalidated.  *See*
22   *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (*Heck v. Humphrey*, 512 U.S. 477, 486-487
23   (1994), barred plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy to bring
24   false charges against him until conviction has been invalidated); *Cabrera v. City of Huntington*
25   *Park*, 159 F.3d 374, 380 (9th Cir. 1998) (*Heck* barred plaintiff's false arrest and imprisonment
26   claims until conviction was invalidated).  Plaintiff is granted leave to file an amended complaint to
27   allege that his conviction and sentence have been invalidated --- if in fact they have --- and to
28   clarify that he seeks only money damages on this claim.

In his request for relief, he seeks the arrest of "all public officials," including Defendant Goldstein. (ECF No. 1 at 3.) The Court does not have the authority to order the parties or other individuals arrested based upon the violation of Plaintiff's civil rights. Such relief must be sought from local, state, or federal law enforcement officials, not the federal court. If Plaintiff files an amended complaint, he may not include this request for relief.

## CONCLUSION

For the reasons explained above,

1. The complaint is DISMISSED WITH LEAVE TO AMEND. The amended complaint must include the caption and civil case number used in this order (No. C 22-2962 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue, including his first claim regarding the alleged murder of his son. <u>If Plaintiff fails to file an amended complaint within the designated time, or if the amendment is not sufficient, this case will be dismissed.</u>

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: September 13, 2022

JACQUELINE SCOTT CORLEY
United States District Judge

4