1

2

3

4                        UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7    LOUREECE STONE CLARK,                    Case No.  22-cv-02962-JSC

                   Plaintiff,
8
                                              **ORDER OF DISMISSAL; GRANTING**
9         v.                                  **REQUEST FOR COPY**

10   MARK H. GOLDSTEIN, et al.,

11                 Defendants.                (ECF No. 17)

12                                **INTRODUCTION**

13          Plaintiff, a detainee at Napa State Hospital ("NSH") who is proceeding without

14   representation by an attorney, filed this civil rights complaint under 42 U.S.C. § 1983 against four

15   Marin County officials --- James H. Kim, Robert Doyle, Jaime Scardina, and Shelly Marie Scott --

16   - and one other individual, Mark Goldstein.  The complaint was dismissed with leave to amend,

17   and Plaintiff filed an amended complaint.  (ECF No. 20.)  For the reasons explained below, the

18   case is DISMISSED because the amended complaint does not state a claim that is capable of being

19   judicially heard and decided.

20                                 **BACKGROUND**

21          The following allegations are set forth in the amended complaint.

22          Plaintiff alleges that on April 2, 2022, Defendant Goldstein and his wife Kristin Goldstein[1]

23   alerted Defendants Doyle, the Marin County Coroner, and Scardina, the Marin County Sheriff,

24   about what appears[2] to have been a dispute with Plaintiff about ownership of real property.  (ECF

25   No. 20 at 2-3.)  Plaintiff attaches a restraining order that Goldstein obtained against him in Marin

26   County Superior Court.  (*Id.* at 3, 6-11.)  Defendant Kim, the Executive Officer of the Marin

27   _____

28   [1] Kristin Goldstein is not listed as a Defendant.
     [2] The allegations are at times written unclearly and difficult to understand.

County Superior Court, file-stamped and dated the order.  (*Id.* at 3, 6-11.)  Plaintiff claims that the restraining order is "false" and was filed because he is Black.  (*Id.* at 3.)  He further alleges that the District Attorney of Marin County (who is not a defendant) discriminated against him based on his race and invaded his privacy by filing false criminal charges against him and providing his personal information to Goldstein.  (*Id.* at 3-4.)  He alleges that a "racially biased" Marin County Superior Court Judge (who is also not a defendant) found him mentally incompetent and sent him to Napa State Hospital, which caused that the restraining order to be "dismissed" and the criminal charges stayed.  (*Id.* at 4.)  Plaintiff also claims that Defendant Scott, the Marin County Recorder, recorded a deed of trust for Goldstein to property that Goldstein does not own.  (*Id.*)  Lastly, Plaintiff alleges Defendants Kim, Doyle, Scardina, and Scott engaged in a "collective campaign" to give Goldstein "addresses, license plates of disabled [sic], and private information . . . that lead to" his son being shot and killed.  (*Id.* at 4-5.)

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).  Pleadings filed by litigants unrepresented by an attorney must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*,

1   127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to

2   state a claim for relief that is plausible on its face."  *Id.* at 1974.

3   ## DISCUSSION

4     Plaintiff cannot sue Defendant Mark Goldstein in federal court under Section 1983 for

5   violating his constitutional rights because Goldstein is not a state actor.  To state a claim under 42

6   U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or

7   laws of the United States was violated, and (2) that the alleged violation was committed by a

8   person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  A private

9   individual does not act under color of state law for purposes of Section 1983, and therefore there is

10  no right to be free from the infliction of constitutional deprivations by private individuals.  *See*

11  *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996).  Plaintiff makes no allegation

12  that Goldstein was a government official or employee, or that he acted on behalf of any

13  government entity.  According to the allegations in the amended complaint, Goldstein is an

14  individual in Marin County with whom Plaintiff had a dispute about real property and who filed a

15  restraining order against him.  Accordingly, the claims against Goldstein must be dismissed.

16    Plaintiff claims that Defendant Kim filed "false claims" in the restraining order against

17  him, which is attached to the amended complaint.  (ECF No. 20 at 6-11.)  The order from the

18  Marin County Superior Court directs Plaintiff to stay away from Goldstein and three family

19  members for a month; the order was signed by a judge (who is not a defendant) and filed-stamped

20  by Kim.  (*Id.* at 6-11.)  Plaintiff does not explain what is "false" about this order, nor is any

21  falsehood apparent from the order itself.  Moreover, the Court is aware of no authority – and

22  Plaintiff cites none – holding the federal constitution or any federal law requires state court

23  employees to ensure orders contain no falsehoods before filing them, or that such employees are

24  liable for any falsehoods contained in such orders.  Consequently, this claim does not state

25  grounds for relief under Section 1983.

26    Plaintiff also claims Kim's filing the restraining order "shows racial bias."  (*Id.* at 3.)  The

27  Equal Protection Clause prohibits government officials from treating similarly situated people

28  differently.  *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985).  To properly

United States District Court
Northern District of California

3

1    state a claim of racial discrimination in violation of the Equal Protection Clause, a plaintiff must

2    allege that the defendant state actor acted at least in part because of plaintiff's race.  *See Furnace v.*

3    *Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013).  Plaintiff does not allege any specific facts about

4    Kim's conduct that, if proven true, would plausibly establish racial discrimination.  Plaintiff does

5    not allege Kim treated similarly situated people of other races differently.  In addition, Plaintiff

6    does not allege any facts indicating Kim filed the court order, which was on the court's form and

7    signed by a judge of the superior court, for any reason other than this was part of his job as the

8    court's Executive Officer.  Plaintiff's allegation that Kim filed it based upon his race is

9    conclusory.  Because Plaintiff has not satisfied the requirement of *Twombley* to allege non-

10   conclusory facts that plausibly show that that Kim filed the restraining order because of Plaintiff's

11   race, the racial discrimination claim against Kim cannot proceed.

12           Plaintiff's claim that Defendants Kim, Scardina, Doyle, and Scott provided information

13   that led to his son's being shot also may not proceed because it is not supported by any non-

14   conclusory allegations of fact.  Liability may be imposed on an individual defendant under 42

15   U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately

16   caused the deprivation of a federally protected right.  *Lemire v. Cal. Dept. of Corrections &*

17   *Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013).  In the order dismissing Plaintiff's prior

18   effort to bring this claim in his original complaint, the Court explained:

19                  Parents and children possess a constitutionally protected liberty
                    interest in companionship and society with each other.  *Smith v. City*
20                  *of Fontana*, 818 F.2d 1411, 1418 (9th Cir. 1987)*, overruled on other*
                    *grounds by Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir.
21                  1999) (en banc).  … The problem with this claim is that Plaintiff
                    does not describe how each of these Defendants were involved in his
22                  son's death.  A person deprives another of a constitutional right
                    within the meaning of Section 1983 if he does an affirmative act,
23                  participates in another's affirmative act, or omits to perform an act
                    which he is legally required to do, that causes the deprivation of
24                  which the plaintiff complains.  *Leer v. Murphy*, 844 F.2d 628, 634
                    (9th Cir. 1988).  At the pleading stage, "[a] plaintiff must allege
25                  facts, not simply conclusions, that show that an individual was
                    personally involved in the deprivation of his civil rights."  *Barren v.*
26                  *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  Plaintiff has not
                    alleged what Defendants Goldstein, Kim, and Scott did or failed to
27                  do that caused his son to die, nor has he alleged how his son died.
                    As a result, he has not alleged a valid claim against them.  If he
28                  wants to proceed with a claim against these Defendants, he must file

United States District Court
Northern District of California

4

> an amended complaint in which he alleges specific facts showing
> what each of these Defendants did or failed to do, and how those
> actions or omissions caused his son to die.

(ECF No. 15.)  The only actions or omissions by Defendants alleged in the amended complaint are they "collectively" provided "addresses, license plates of disabled [sic], and private information," and he asserts that this led to his son being shot.  (ECF No. 20 at 4-5.)  Plaintiff does not allege the actions each Defendant took, to whom Defendants provided this information, or who shot his son. As a result, there are not alleged facts plausibly showing that each named Defendant actually and proximately caused his son to be shot.  Plaintiff has therefore failed to allege "enough facts to state a claim for relief that is plausible on its face" against Defendants relating to his constitutional right to the companionship of his son.  *Twombly*, 550 U.S. at 591-93.

As noted, Plaintiff also claims Scott improperly recorded a deed of trust for Goldstein for property that Goldstein does not own.  The Court is not aware of any authority, and Plaintiff does not cite any, providing that, without more, a county recorder recording a deed of trust on real property for a person who does not own that property violates federal law.  Consequently, this claim must be dismissed.

Plaintiff was previously granted leave to amend, but his amended complaint either repeats claims from the original complaint with the same deficiencies, for example, the claim for loss of companionship, or adds new claims that, like the claims in his original complaint, are not capable of being judicially heard and decided.  Consequently, granting further leave to amend would be futile.  *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

//

//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**CONCLUSION**

For the reasons explained above, the case is DISMISSED for failure to state a claim that is capable of being judicially heard and decided.  Plaintiff's request (ECF No. 19) for a copy of his joint case management statement and attachments (ECF No. 17) is GRANTED.  The Clerk shall send Plaintiff a copy of docket number 17 including all attachments.

The Clerk shall enter judgment and close the file.  This order resolves docket number 17.

**IT IS SO ORDERED.**

Dated: April 5, 2023

JACQUELINE SCOTT CORLEY
United States District Judge